[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 3, 1988 the plaintiffs entered into a real estate contract to purchase a home to be constructed in New Britain by the defendant (Plaintiffs' Exhibit A). When they signed the contract they gave the defendant a $6,500.00 deposit.
The total purchase price for the property was $129,000.00, subject to the plaintiffs obtaining an FHA/CHFA mortgage in the amount of $100,000.00. The plaintiffs were able to obtain a mortgage commitment within the time specified in the contract (Plaintiffs' Exhibit B).
The contract provided the following pertinent terms:
 "2. CLOSING AND CONVEYANCE: Unless extended by written agreement of the parties, the transfer of title to the property to the BUYER shall take place on or before December 21, 1988. . ."
 "OTHER CONDITIONS, IF ANY: Seller has the right to extend closing date for construction purposes — subject to approval from CHFA-FHA — for Slater forms subdivision."
When the plaintiffs signed the contract they were told by defendant's agent that if the closing couldn't take place by December 21, 1988, it would probably take place a couple of weeks after that date. In late December, however, the plaintiffs learned that the house which they had contracted to buy had not yet been built. The defendant then requested that the plaintiffs agree to extend the closing date from December 31, 1988 to February 28, 1989. Although the plaintiffs signed a statement agreeing to this extension, (Plaintiffs' Exhibit C) they did not deliver said statement to the defendant, and on January 27, 1989 they made written demand for return of their deposit (Plaintiffs' Exhibit D). The deposit was not returned.
Subsequently, the defendant's general partner, Dwight O. Schweitzer, orally requested that the plaintiffs agree to extend the closing date to June 30, 1989, and he offered certain CT Page 4199 additional terms to the original contract if the plaintiffs would agree to the extension. (Plaintiffs' Exhibit E). One of the terms was that the defendant would pay to the plaintiffs the cost of extending the mortgage commitment.
Although no written agreement modifying the original contract was signed by the parties, the plaintiffs remained ready, willing and able to purchase the property and agreed to a closing date of June 30, 1989. (Plaintiffs' Exhibit E). They thus paid $235.00 to North American Bank Trust Company to extend the mortgage commitment.
As of June 30, 1989, the house still had not been built, and the plaintiffs were told that the home wouldn't be available for occupancy until sometime in October, 1989. Accordingly, they again requested that their deposit be returned.
The defendant has refused to return the deposit and thus the plaintiffs have brought the present action. The plaintiffs seek a return of the deposit plus interest. In addition, they seek the additional sum of $225.00 which represents the application fee for obtaining the mortgage, $235.00 for extension of the mortgage commitment, and a legal fee.
The defendant claims that time was not of the essence in the contract signed by the parties because the defendant had the right to extend the closing date for construction purposes. The court finds, however, that the closing date was not extended in a writing signed by the parties as required by the contract. The court further finds that the defendant's unilateral right to extend the closing date must be interpreted to be a reasonable extension. Under the facts of this case, the court does not believe that extending the time to sometime in October of 1989 was reasonable, especially in light of the fact that the plaintiffs were originally told that there might be a delay of a couple of weeks after December 21, 1988.
The defendant also claims that it was unable to perform the contract because the plaintiffs failed to pick out colors. However, the plaintiffs did in fact pick out colors twice. The court does not believe that their failure to pick out colors a third time was the reason why the defendant failed to perform within a reasonable time.
The court finds that the plaintiffs are entitled to a return of their deposit in the amount of $6,500.00, plus interest at the rate of 8% from December 22, 1988 through May 8, 1991 in the amount of $1,231.54, plus $235.00 for the cost of extension of the mortgage commitment. CT Page 4200
Accordingly, judgment may enter for the plaintiffs against the defendant in the amount of $7,966.54, plus costs.
FRANCES ALLEN SENIOR JUDGE